---

CASE 113—PETITION EQUITY—SEPTEMBER 30.

# Smith, &c., v. Norment, &c.

### APPEAL FROM HENDERSON CIRCUIT COURT.

1. IRREGULAR PARTITION OF LAND ACQUIESCED IN FOR GREAT LENGTH OF TIME.—In this action by heirs for a division of land, to which defendants asserted a claim based upon adverse possession alone, the court will not inquire whether a partition, under which the ancestor of plaintiffs claimed, was made by the number of commissioners then required by the statute, that partition having been acquiesced in by the parties in interest for almost a century.

2. EJECTMENT—JOINDER OF PLAINTIFFS.—Defendants, as to whom this is to be regarded as a suit in ejectment, have no right to insist that separate actions should be instituted by plaintiffs in accordance with a division of the land already had, as plaintiffs had the right to repudiate that division and seek another partition.

3. QUESTION FOR JURY.— Whether the possession of appellants had ripened into a perfect title was a question for the jury, this being an issue out of chancery to try the question of title.

R. H. CUNNINGHAM FOR APPELLANTS.

1. There was a misjoinder of parties and of causes of action, and the court erred in refusing to require plaintiffs to elect. (Civil Code, sec. 83, and subsec. 4 of sec. 113; Sale v. Crutchfield, 8 Bush, 636.)

2. The objection to the deed of partition among the members of the firm of Richard Henderson & Co., of August 9, 1797, is that it was acknowledged before two justices of the peace instead of, as the law then in force required, before some court or the mayor of a city. (1 Litt. St. Laws, 368, sec. 3 of act Dec. 19, 1796; 1 A. K. Mar., 357.)

3. The deeds by Jones and Terry, commissioners, read by plaintiffs were incompetent, because the acts of March 1, 1797 (2 M. & B., 1068-9, 1 Litt., 689), and of Dec. 14, 1802, under which they purport to have been made, required that *six* commissioners should be appointed in-

Smith, &c., v. Norment, &c.

stead of *two*, and required further that their acts should be reported to and confirmed by the court, and thereupon, under order of the court the deeds were to be executed. (Hood v. Mathers, 2 Mar., 553; Williams v. Williams, 3 Litt., 40; Short v. Clay, 1 Mar., 371; 6 Dana, 418; 7 Dana, 498.)

And no lapse of time could possibly validate them. (Logan v. Steele, 4 Mon., 438; Nesbitt v. Gregory, 7 J. J. Mar., 270.)

4. The court erred in its instructions to the jury in limiting the possession of Smith to his actual *enclosure*, thus excluding him from land that was cleared and cultivated for years, and notoriously claimed by him.

5. The mere fact that Smith, as commissioner in the division of the Hillyer lands in 1875, allotted a portion of that which he then and had for years previously held and claimed, did not divest him of the adverse possession. (Boswell on Limitation, p. 328, note 1; 23 Me., 417; 24 M. E., 29; 12 N. H., 9; 2 Gray, 568; 43 Vt., 462.)

Certainly there was evidence of Smith's adverse possession, and it was error for the court not to let it go to the jury. (Curtis v. Louisville City R'y Co., MS. Op. Superior Court, Oct, 5, 1892.)

6. The court should have instructed the jury to find for Stembridge as to all the land in his possession at the date of the judgment in the former case, independently of any other question. (Troutman v. Vernon, 1 Bush, 484; Talbott v. Todd, 5 Dana, 193; 2 Bibb, 589; 3 Bibb, 339; 1 Mar., 526; 2 Mar., 354; 2 Mar., 527; 3 Mar., 435; 7 B. M., 400; 11 B. M., 362; 9 Bush, 166.)

7. The court should have instructed the jury that unless the plaintiffs who sue jointly for the recovery of the land as a whole are the *only* heirs of Mary Hillyer, they could not recover. (3 J. J. Mar., 93; 3 Litt., 40; 7 Dana, 177; 4 B. M., 213; 12 B. M., 354.)

8. The verdict is contrary to the law and the evidence.

S. B. & R. D. VANCE of counsel on same side.

MONTGOMERY MERRITT for appellees.

1. Although the appointment of commissioners to divide the lands of Richard Henderson & Co. was irregular, yet the heirs having taken possession of the land under that division and conveyed same, the division cannot now be questioned. All parties are estopped. (5 Mon., 450; Dembitz's Ky. Jurisprudence, 284.)

2. The plaintiffs had a common interest and there was no reason for requiring them to elect. (Newman's Pleading and Practice, p. 123.)

3. The plea of *res judicata* was not sustained. The boundary of the land plaintiffs are claiming in this suit does not embrace the 127 acres claimed by Stembridge in the former action.

Estoppels are not good by implication, but must be certain as to

every intent. The subject matter of the two suits must be the same. The issues must be the same. (Herman on Estoppel, sec. 102.)

4. Smith and Stembridge both rely upon adverse possession for more than fifteen years. Upon that plea the weight of evidence and the verdict of the jury are against them.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

This action was originally instituted in equity by the heirs of Mary Hillyer for a division of the land descending to them from and through her.

The firm of Henderson & Co., of which one David Hart was a member, obtained from the State of Virginia a large grant of land, that in the year 1797 was divided between them, and the heirs of David Hart obtained their interest in the allotment. In the year 1811 that part of the grant allotted to Hart's heirs was divided between them, and ·deeds made by the commissioner making the partition. Mary Hillyer, being one of the heirs, obtained her deed (made to husband and wife), and it is this land the present appellees are seeking to have divided in the present action. They had made previous attempts to have the land divided, but by reason of some irregularities, the partition was not sanctioned or approved by the heirs. When the division of the land was made in the year 1797 between the original patentees, they all took actual possession except Hillyer and wife, and have sold their respective interests until divested of title.

The appellants Stembridge and Smith, being in possession of a part of the land, were made defendants to this action, and set up an adversary claim based alone, as this record shows, on an adverse possession. On their motion the case was transferred to the ordinary docket, that the issue of title might be tried, and resulted in a judgment for the plaintiffs.

It is claimed that the original deeds of partition made to the patentees is invalid, because the statute under which the division was made required that six commissioners should be appointed instead of two, and, therefore, no title passed. It is plain that these parties entered on their respective parcels, and have disposed of them, except Hillyer and wife, and a division made nearly a century ago should be sustained, and as evidencing such a title as to enable the partitioner to maintain his ejectment for an entry upon his allotment. The court will not inquire whether these deeds of partition were executed by two or six commissioners after such a lapse of time as against those who enter and claim only by an adverse possession.

The appellants were in possession of this land claimed by the appellees, and it was not necessary that separate actions should be instituted in order to a recovery, or that the plaintiffs should be held bound to a division that all repudiated by seeking another partition.

This was an issue out of chancery sought by the defendants for the purpose of passing on the title, and as title is shown in the plaintiffs and none in the defendants, the verdict and judgment was proper. Neither of the defendants pretend to have any paper title to the Hillyer land, and the lines and corners of the Hillyer tract being established by the weight of the testimony and embracing the land sued for, we see no reason for reversing this case. The deed from Gayle, Smith's evidence of title, covers no part of the land in dispute, and it is unreasonable to sup-

pose that Smith, as one of the commissioners, when attempting to divide these lands between Hillyer's heirs in 1875, allotted in fact to them land which he claims now to have owned and been in the actual possession of at that date.

As to Stembridge, he never claimed but 127 acres of the land to which title was asserted by Hillyer's heirs, and this he recovered or was adjudged to be the owner of in a former litigation between Hillyer's heirs and himself.

He obtained all he then claimed, and has no title to any of the land in dispute by reason of the former litigation, and the title asserted by adverse possession he failed to sustain, as was adjudged by the verdict and judgment below.

It is apparent from the record that these appellants have attempted to acquire title by actual possession, and whether that possession ripened into a title before this action was instituted, was one for the jury. We perceive no error of which the appellants can complain, and the title having been established, all the court is now required to do is to order a division between the heirs as asked for in the orignal action.

Judgment affirmed.

———

To a petition for rehearing, filed by counsel for appellants, Judge PRYOR delivered the following response of the court:

It is manifest that neither of the appellants has title to the land in controversy, and whether regarded as an action for the division of land between the heirs of Hillyer or an ejectment against the appel-

lants, the appellees were entitled to recover. The original action was in equity, and evidently intended as one for a division; but it is conceded that as against appellants, who claimed to be in the possession, it was an ejectment. In the former judgment, in an action between these parties and Stembridge, the latter only claimed one hundred and twenty-seven acres of the land claimed by the Hillyers, and this he obtained, and it is now an undisputed fact that no part of this one hundred and twenty-seven acres is claimed by the appellees, and the amended petition filed in that action, and the answer thereto, puts in issue the title to the land in Arterburg's possession, who was a tenant of Stembridge. That proceeding, when considered with reference to the issue made in the original action, sustains the claim of the appellees as against Stembridge, as it is evident he disclaimed to own any part of the land except the one hundred and twenty-seven acres, and the appellant Smith is now claiming to own land that was allotted the appellees by him as a commissioner appointed for that purpose. Neither is entitled to have the possession. This land was allotted to James Hillyer and wife, nor is it disputed that these appellees are the heirs of James and Mary Hillyer, and the conveyance was made to the latter by commissioners in the year 1811. They have the title, and are entitled to recover.

Petition overruled.